(No. 1338—)

ED HAZELWOOD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

CARL E. ROBINSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

The declaration shows that on August 30th, 1927, claimant was an inmate of the Illinois State Farm near Vandalia, serving a sentence for petit larceny; that it was his duty, under the direction of certain State employees, to repair certain tractors belonging to and in use by the State; that on August 30th, 1927, claimant was ordered by the head farmer of said State Farm to convey a tractor which was out of repair to a place on said farm where it could be repaired by the claimant; that, pursuant to this order, claimant was riding another tractor and was pulling the disabled tractor; that a one armed inmate of the farm was, under the direction of the head farmer, riding and guiding the disabled tractor, although the head farmer knew that he was incompetent to manage said tractor, and that, because of the incompetency and negligence of said inmate, the disabled tractor ran against and upon the other tractor, crushing claimant and holding him in such a position that his left foot and ankle were badly burned by the hot motor of the tractor on which he was rid-

ing; that because of such burn he has been ill ever since said accident and has suffered great pain; that on September 9th, 1927, he was discharged from the State Farm, but has been and is unable to work and perform the labors usually done by him, and that his left foot and ankle are permanently crippled.

Claimant alleges damages of $5,000.00 and asks for an award against the State.

The Attorney General has filed a general demurrer to the declaration. Claimant's attorney has submitted the case without brief or argument.

Claimant was not an employee of the State at the time of the accident but was an inmate of a State institution and would not come under the provisions of the workmen's Compensation Act. This court has repeatedly held that the State is not legally or equitably liable to an inmate who receives an injury while confined in one of its institutions.

The demurrer is therefore sustained and the cause dismissed.